

**U.S. Department of Justice** FILED
IN CLERKS OFFICE

***Michael J. Sullivan***
*United States Attorney* 2005 OCT 17 P 3: 25
*District of Massachusetts*
U.S. DISTRICT COURT
DISTRICT OF MASS.

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*


October 6, 2005


Henry B. Brennan, Esq.
Brennan & Chase LLP
20 Park Plaza, Suite 1405
Boston, MA 02116

     Re:  <u>United States v. Dustin T. Ward</u>
          Criminal No. 05-10063-PBS

Dear Attorney Brennan:

    This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Dustin T. Ward ("Defendant"), in the
above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date but in no event later than
February 28, 2006, Defendant shall plead guilty to all counts in
which he is named in the above-captioned Indictment. Defendant
expressly and unequivocally admits that he in fact knowingly,
intentionally and willfully committed the crimes charged in
Counts One and Two of the Indictment, and is in fact guilty of
the charged offenses.

    2.   <u>Penalties</u>

    Defendant faces the following minimum mandatory and maximum
penalties on Count One of the Indictment -- Receipt of Child
Pornography, and Forfeiture to the extent charged in the
Indictment:

        a)   a minimum mandatory five year term of imprisonment, and
            a maximum twenty year term of imprisonment;

b)    three years of supervised release;

c)    a fine of $250,000; and

d)    a $100 mandatory special assessment.

Defendant faces the following maximum penalties on Count Two of the Indictment -- Possession of Child Pornography, and Forfeiture to the extent charged in the Indictment:

a)    a ten year term of imprisonment;

b)    three years of supervised release;

c)    a fine of $250,000; and

d)    a $100 mandatory special assessment.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

a)    The U.S. Sentencing Commission Guidelines Manual that is applicable to this case is the 2003 version.

Count One:

b)    U.S.S.G. § 2G2.2(a) is the applicable sentencing guideline provision for Count One and calls for an initial base offense level ("BOL") of 17;

c)    U.S.S.G. § 2G2.2(b)(1) is applicable because the offense involved material depicting prepubescent minors

2

or minors under the age of twelve years, requiring a 2 level increase of the BOL, for an adjusted offense level of 19;

d)    U.S.S.G. § 2G2.2(b)(5) is applicable because the offense involved the use of a computer for transmission, receipt or distribution of the material or a notice of advertisement of the material, requiring a 2 level increase of the BOL, for an adjusted offense level of 21.

Count Two:

e)    U.S.S.G. § 2G2.4(a) is the applicable sentencing guideline provision for Count Two and calls for a BOL of 15;

f)    U.S.S.G. § 2G2.4(b)(1) is applicable because the offense involved material depicting prepubescent minors or minors under the age of twelve years, requiring a 2 level increase of the BOL, for an adjusted offense level of 17;

g)    U.S.S.G. § 2G2.4(b)(3) is applicable because Defendant's possession of the material resulted from Defendant's use of a computer, requiring a 2 level increase of the BOL, for an adjusted offense level of 19;

h)    U.S.S.G. § 2G2.4(b)(5)(A) is applicable because the offense involved at least 10 images, but fewer than 150, requiring a 2 level increase of the BOL, for an adjusted offense level of 21; and

Grouping:

Counts One and Two are grouped together as closely related counts under U.S.S.G. § 3D1.2, calling for a combined offense level of 21.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and

3

information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

   (a)   Fails to admit a complete factual basis for the plea;

   (b)   Fails to truthfully admit his conduct in the offenses of conviction;

   (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (d)   Fails to provide truthful information about his financial status;

   (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

   (g)   Intentionally fails to appear in Court or violates any condition of release;

   (h)   Commits a crime;

   (i)   Transfers any asset protected under any provision of this Agreement; and/or

   (j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility

4

adjustment, the Government may seek an upward adjustment pursuant
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of
this Agreement.

### 4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

- (a)  as to Count One, incarceration at the low-end of the
  applicable sentencing guideline range, but in no event
  less than a 5 year term of incarceration;

- (b)  as to Count Two, incarceration at the low-end of the
  applicable sentencing guideline range, to run
  concurrently;

- (c)  a low-end guideline fine [unless the court finds that
  Defendant is not able and, even with the use of a
  reasonable installment schedule, is not likely to
  become able to pay a fine];

- (d)  no restitution;

- (e)  a mandatory special assessment of $200; and

- (f)  three years of supervised release.

Defendant agrees that he will provide to the U.S. Attorney
expert reports, motions, memoranda of law and documentation of
any kind on which he intends to rely at sentencing not later than
twenty-one days before sentencing.  Any basis for sentencing with
respect to which all expert reports, motions, memoranda of law
and documentation have not been provided to the U.S. Attorney at
least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to,
Defendant's sentence, the U.S. Attorney reserves his right to
argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

### 5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to
the Clerk of the Court on or before the date of sentencing,
unless Defendant establishes to the satisfaction of the Court
that Defendant is financially unable to do so.

## 6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

## 7.   Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. §2253(a) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: any and all matter seized pursuant to the search warrant executed at Defendant's residence on or about March 3, 2004, which contains visual depictions produced, transported, shipped, received or possessed in violation of Title 18, United States Code, Section 2252; any property constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from Defendant's unlawful activity and/or property used, or intended to be used, to commit the crimes charged in Counts One and Two of the Indictment. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

6

Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service and the U.S. Postal Inspection Service to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to: padded mail bag containing videotape #12f, syringes and vials, HP laptop computer with extension cord, external computer hard drive with disk, two compact disks (CDs) and one disk, one disk, one disk labeled "Bosstown 101.1," digital images, email correspondence, computer tower, and any other material or property, seized by, or turned over to, the U.S. Postal Inspection Service on or about March 3, 2004, as to which, Defendant hereby acknowledges, Defendant received notice of forfeiture pursuant to the Indictment.

### 8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

### 9. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 10. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 11. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

8

### 13.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Antoinette E.M. Leoney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Laura Kaplan*

LAURA KAPLAN
Section Chief

ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

### ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am

9

entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.


DUSTIN T. WARD
Defendant

Date: 10|13|05


    I certify that Defendant Dustin T. Ward has read this
Agreement and that we have discussed its meaning.  I believe he
understands the Agreement and is entering into the Agreement
freely, voluntarily and knowingly.


HENRY B. BRENNAN, Esq.
Attorney for Defendant

Date: 10|13|05


10