```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,       )
          Plaintiff,            )
                                ) Criminal No. 05-10063-PBS
          v.                    )
                                )
DUSTIN T. WARD,                 )
          Defendant.            )
```

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On or about March 16, 2005, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging defendant Dustin T. Ward, (the "Defendant"), with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(Count One); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two).

    2.   The Indictment sought the forfeiture, as a result of committing the offenses alleged in Counts One and Two of the Indictment, of any and all matter which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. § 2252; any property constituting or

derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and, any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations, pursuant to 18 U.S.C. § 2253.

    3.    On or about October 17, 2005, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement he signed on October 13, 2005.  In Section Seven of the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea.  Such assets specifically included, without limitation, any and all matter seized pursuant to the search warrant executed at Defendant's residence, on or about March 3, 2004, which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. § 2252, any property constituting or derived from any proceeds Defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used or intended to be used, in any manner or part, to commit and to promote the commission of the aforementioned violations.  In addition, the Defendant waived and released any and all claims he may have had to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of

the instant criminal case, and consented to the forfeiture of all such assets.  The Defendant specifically waived and released his claims to: padded mail bag containing videotape #12f, syringes and vials, HP laptop computer with extension cord, external computer hard drive with disk, two compact disks (CDs) and one disk, one disk labeled "Bosstown 101.1," digital images, email correspondence, computer tower, and any other materials or property, seized by, or turned over to, the U.S. Postal Inspection Service on or about March 13, 2004 (the "Property"), as to which, the Defendant acknowledged that the Defendant received notice of the forfeiture, pursuant to the Indictment.

    4.   Based upon the evidence set forth in the plea agreement, the United States established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.  Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

    5.   On or about February 8, 2006, a sentencing hearing was held and the Defendant was sentenced to 60 months incarceration, to be followed by a term of 24 months supervised release.  In addition, the District Court ordered the Defendant to forfeit the Property to the United States, specifically naming the following in the Judgment and Conviction:  Computer, Software, Images, and visual depictions of children.

    6.   By virtue of the Defendant's guilty plea and

conviction, and pursuant to 18 U.S.C. § 2253(e), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.  See Rule 32.2(b)(2); 18 U.S.C. § 2253(e).

7.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Property and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Property in such manner as the Attorney General may direct, pursuant to 18 U.S.C. § 2253.

WHEREFORE, the United States requests that this Court:

(A)  enter the Preliminary Order of Forfeiture in the form submitted herewith.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney,
>
>
> /s/ KRISTINA E. BARCLAY
> KRISTINA E. BARCLAY
> Assistant U.S. Attorney
> United States Courthouse
> Suite 9200
> 1 Courthouse Way
> Boston, MA 02210
> (617) 748-3100

Date: June 30, 2006

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                       /s/ KRISTINA E. BARCLAY
                                       Kristina E. Barclay
                                       Assistant U.S. Attorney

Date: June 30, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>DUSTIN T. WARD,<br>    Defendant. | )<br>)<br>) Criminal No. 05-10063-PBS<br>)<br>)<br>)<br>) |

### PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on or about March 16, 2005, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging defendant Dustin T. Ward, (the "Defendant"), with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(Count One); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two);

WHEREAS, the Indictment sought the forfeiture, as a result of committing the offenses alleged in Counts One and Two of the Indictment, of any and all matter which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. § 2252; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and, any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations, pursuant to 18 U.S.C. § 2253;

WHEREAS, on or about October 17, 2005, the Defendant pled

guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement he signed on October 13, 2005;

WHEREAS, in Section Seven of the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea, specifically including, without limitation, any and all matter seized pursuant to the search warrant executed at Defendant's residence, on or about March 3, 2004, which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. § 2252, any property constituting or derived from any proceeds Defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used or intended to be used, in any manner or part, to commit and to promote the commission of the aforementioned violations;

WHEREAS, the Defendant also agreed to waive and release any and all claims he may have had to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this instant criminal case, and consented to the forfeiture of all such assets, including: padded mail bag containing videotape #12f, syringes and vials, HP laptop computer with extension cord, external computer hard drive with disk, two compact disks (CDs) and one disk, one disk labeled

"Bosstown 101.1," digital images, email correspondence, computer tower, and any other materials or property, seized by, or turned over to, the U.S. Postal Inspection Service on or about March 13, 2004 (the "Property"), as to which, the Defendant acknowledged that the Defendant received notice of the forfeiture, pursuant to the Indictment;

WHEREAS, based upon the evidence set forth in the plea agreement, the United States established the requisite nexus between the Property and the offenses to which the Defendant pled guilty;

WHEREAS, on or about February 8, 2006, a sentencing hearing was held and the Defendant was sentenced to 60 months incarceration, to be followed by a term of 24 months supervised release;

WHEREAS, the District Court also ordered the Defendant to forfeit the Property to the United States, specifically naming the following in the Judgment and Conviction:  Computer, Software, Images, and Visual Depictions of Children

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §2253(e), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the

Federal Rules of Criminal Procedure, and based upon the plea agreement and conviction of the Defendant, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.  Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

    2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS") is hereby authorized to seize the Property and maintain it in its secure custody and control.

    3.   Pursuant to 18 U.S.C. § 2253, the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct.

    4.   Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

    5.   Pursuant to 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within thirty

(30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Property.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____

Date:                      PATTI B. SARIS
                         United States District Judge